UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-370-KSF

AMY LYNN BURNS                                                   PLAINTIFF

v.                         **OPINION & ORDER**

MICHAEL ASTRUE,
Commissioner of Social Security                               DEFENDANT

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Amy Lynn Burns, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for period of disability, disability insurance benefits, and Supplemental Security Income based on disability. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Burns filed her claim for benefits on January 8, 2008, alleging an onset date of January 17, 2007 [TR 116]. After a hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on May 29, 2009 [TR 14-22]. At the time the ALJ rendered his decision, Burns was 34 years old. [TR 116]. She completed at least the ninth grade, with some evidence that she graduated from high school . [TR 26, 162]. Burns has past relevant work experience as a cashier [TR 37, 156, 214-15]. She claims that she is disabled due to seizures, nervousness, and diabetes [TR 123, 155].

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the ALJ must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1) If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2) If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5) Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The ALJ began his analysis by determining that Burns has met the insured status requirements of the Social Security Act through December 31, 2009 [TR 16]. At step one, the ALJ found that Burns has not engaged in any substantial gainful activity since her alleged onset date [TR 16]. At step two, the ALJ determined that Burns suffers from the severe impairment of anxiety and polysubstance abuse [TR 16-18]. Continuing on to the third step, the ALJ determined that Burns does not have an impairment or combination of impairments that meets or medically equals in severity any of the listed impairments, even when considering her substance abuse [TR 17-18].

The ALJ then found that based on the medically determinable evidence, Burns has the residual functional capacity ("RFC") to perform the exertional requirements of a full range of work, with the following limitations: never climb ladders, ropes or scaffolds, avoid all exposure to hazards. Additionally, the ALJ found that she is able to understand, remember, and carry out short, simple instructions and sustain attention and concentration for two-hour segments of time and that she can tolerate occasional contact with co-workers and supervisors in a non-public setting and can adapt as needed in work settings involving routine adjustments [TR 18].

At the hearing the vocational expert ("VE") discussed Burns' past relevant work as a cashier. Because her RFC precludes her ability to interact with the public, the VE testified that she would not be able to perform this work. Thus, at step four, the ALJ determined that Burns is unable to perform her past relevant work [TR 20]. However, based on her RFC, age, education and experience, and considering her substance abuse, the ALJ did identify other jobs existing in significant numbers in the national economy that Burns could perform. Accordingly, the ALJ determined that she was not disabled at step five [TR. 20-21].

The ALJ's decision that Burns is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied her request for review on September 18, 2009. [TR 1] Burns has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## II. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## III. ANALYSIS

On appeal, Burns argues generally that the ALJ's decision is not supported by substantial evidence and was not decided by proper legal standards. She implies that the medical opinions from

4

treating and examining physicians support her claim of disability, although she does not identify the specific "medical opinions" which allegedly support her claim.

Generally, medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairments. *See* 20 C.F.R. 404.1527(a)(2). The weight that the court must afford these medical opinions depends upon the relationship that source has with the claimant, the extent to which the opinion is supported by clinical or laboratory findings and is consistent with other evidence, the specialization of the source, and any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d); *see also Allen v. Commissioner of Social Security*, 561 F.3d 646, 651 (6th Cir. 2009).

A review of Burns' medical records simply does not confirm the severity of her alleged symptoms or in any way indicate that her condition was of disabling severity. Although there is a note in March 2009 from Frank Carnes, MPH, at Cumberland River Comprehensive Care Center ("CRCCC") that Burns was "very-appropriate/legitimately-acceptable for S.S.I. at this time" [TR 471], there is no indication that Carnes was a licensed or certified psychologist who could be considered an acceptable medical source under the regulations. *See* 20 C.F.R. § 404.1513(a). Unless Carnes is an acceptable medical source, the ALJ is not required to give any weight to his opinion. *See* 20 C.F.R. § 404.1527(a)(2), 404.1527(d).

Burns was diagnosed with posttraumatic stress disorder ("PTSD"), provisional; polysubstance abuse; and rule out mood disorder, not otherwise specified by consultative psychologist Tammy Hatfield in March 2008 [TR 324]. Dr. Hatfield placed her global assessment of functioning ("GAF") score at 52. Additionally, she made the following assessments:

1. The claimant's ability to understand, remember, and carry out instructions toward performance of simple repetitive tasks is adequate.
2. Her ability to tolerate the stress and pressure of day-to-day employment is moderately affected by her psychological problems.
3. Her ability to sustain attention and concentration towards performance of simple repetitive task is adequate.
4. Her capacity to respond appropriately to supervision, coworkers, and work pressures in a work setting is moderately to markedly affected by her psychological problems.

The state agency psychologists who reviewed Burns' medical record in April and July 2008 rated the degree of limitation resulting from her mental impairment as: mild restriction of activities of daily living; marked difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, and pace; and no episodes of decompensation [TR 340, 374]. They concluded that her mental RFC only had moderate limitations in every area except the ability to interact appropriately with the general public where she was markedly limited [TR 327, 379]. The ALJ's RFC is consistent with Dr. Hatfield and the state agency psychologists.

To the extent that Burns argues that the ALJ failed to properly consider her subjective complaints, her argument fails. According to the Sixth Circuit, a subjective assessment of pain symptoms is relevant to determining whether a claimant is disabled, but is not conclusive evidence establishing a disability. *See Warner v. Commissioner*, 375 F.3d 387, 392 (6th Cir. 2004). The ALJ is also entitled to consider the claimant's credibility, and that determination is afforded great deference. *Id*. A claimant's credibility can be properly discounted when there are contradictions among the medical reports, the claimant's testimony, and other evidence. *Id*.

Here, a review of the medical record reveals little objective medical evidence to support Burns' allegations of a seizure disorder or mental health disability. At the hearing, Burns admitted that her last seizure was six or seven months earlier [TR 28]. With respect to her mental health

6

treatment, the records reveal that she was primarily observed for drug addiction, with only passing references to "some" depression and anxiety. Moreover, as the ALJ noted, Burns' range of activities tended to negate the credibility of her subjective complaints. The ALJ adequately explained his reasons for finding that her subjective complaints were not credible.

While Burns contends that the VE testimony proved she was disabled when the VE said there would be no jobs for a person who was unable to work on a full-time basis or one who had all the limitations alleged by Burns, the ALJ did not find that Burns was so restricted. The hypothetical question to the VE "need only include the alleged limitations of the claimant that the ALJ accepts as credible and that are supported by the evidence." *Delgado v. Commissioner of Social Security*, 30 Fed.Appx. 542, 548 (6th Cir. 2002); *Stanley v. Secretary of Health and Human Services*, 39 F.3d 115, 118 (6th Cir. 1994); *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993); *Ealy v. Commissioner of Social Security*, 594 F.3d 504 (6th Cir. 2010). When asked whether there were any jobs Burns could perform when considering the limitations included in the ALJ's RFC, the VE determined that there are jobs which exist in significant numbers in the national economy that she can perform. Thus, substantial evidence supports the ALJ's finding that Burns retained the ability to perform the jobs cited by the VE.

Accordingly, Burns has failed to establish entitlement to disability insurance benefits or SSI. As set forth above, a review of the entire record reveals that substantial evidence supports the ALJ's RFC finding and that the VE identified jobs that would be compatible with her individual vocational characteristics and RFC. In conclusion, the decision of the ALJ that Burns is not disabled is supported by substantial evidence and was made pursuant to the proper legal standards.

## IV. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's motion for summary judgment [DE #10] is **DENIED**;

(2) the defendant's motion for summary judgment [DE #11] is **GRANTED**;

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards;

(4) a judgment consistent with this Opinion & Order will be entered contemporaneously.

This October 26, 2010.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge